*Law Office of*
PHILIP KIMBLE, P.C.
*Post Office Box 13288*
*Tucson, Arizona 85732*
*(520) 404-6144*
*pmtkimble@gmail.com*
*Arizona Bar Number: 009741*

Attorney for Defendant Francisco Bautista

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| | ) | CR 21-00880-TUC-JAS (LCK) |
| Plaintiff, | ) | |
| | ) | OBJECTION TO PRESENTENCE |
| vs. | ) | INVESTIGATION REPORT |
| | ) | |
| Francisco Javier Bautista, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant Francisco Bautista, through counsel undersigned, hereby objects to the Presentence Investigation Report for the reasons set forth below.

Paragraph 39 of the Presentence Report correctly identifies the base offense level as 12 pursuant to U.S.S.G. §2K2.1(a)(7). Defendant also agrees with the four-level enhancement under U.S.S.G. §2K2.1(b)(1)(B) added in paragraph 40. However, the Report's inclusion in paragraph 41 of a four-level enhancement pursuant to U.S.S.G. §2K2.1(b)(6)(A) is not appropriate and should be deleted from

1

the total offense level calculation.

Mr. Bautista pleaded guilty to seven counts of making a false statement in connection with the acquisition of a firearm. The claimed basis for applying the §2K2.1(b)(6)(A) enhancement is his supposed admission that he knew the guns he bought for co-defendant Terminel would be transported out of the United States. This claim, in turn, is based on a statement in his interview in which Bautista said that he was told by Terminel that the guns were sent to Mexico. However, what was not clarified is that Bautista was told this after he had purchased the guns and given them to Terminel. During the time that he was buying them, Bautista did not know what Terminel was intending to do with the firearms and, frankly, did not care. His concern was limited to the modest compensation he was receiving for his limited role.

After Bautista was done buying guns for him, Terminel was questioned by ATF agents about their purchase and disposition. Terminal contacted Bautista and told him about the encounter and, apparently in the context of explaining why the gun purchases were problematic, explained that he had been sending the guns to Mexico. When, in his interview, Bautista discussed knowing that the guns went to Mexico he was referring to what he knew at the time of the interview, not what he knew when he was buying the guns.

The enhancement is applicable if the defendant knew at the time that he

possessed the guns that they would be transported out of the United States. Here, because Bautista came to know that fact only after he had turned the guns over to Terminel the enhancement does not apply. For that reason the parties did not include it in the plea agreement, and the Court should eliminate it from the total offense level calculation.

RESPECTFULLY SUBMITTED: November 23, 2022

s/*Philip Kimble*

Philip Kimble
Attorney for Defendant Francisco Bautista