GARY M. RESTAINO
United States Attorney
District of Arizona
BRANDON M. BOLLING
Assistant United States Attorney
United States Courthouse
405 W. Congress, Suite 4800
Tucson, Arizona 85701
brandon.bolling@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States America, | |
|---|---|
| Plaintiff, | CR 21-00880-TUC-JAS |
| vs. | |
| | **JOINT STATEMENT OF THE CASE** |
| Luis Eduardo Terminel, Jr., | |
| Defendant. | |

The United States of America, by and through its counsel, undersigned, and Brandon M. Bolling files its joint statement of the case.

**I.     CHARGES AGAINST THE DEFENDANT**

The defendant, Luis Eduardo Terminel, Jr., was charged via a sealed 15-count indictment on April 28, 2021, and charged with: one count of Conspiracy in violation of 18 U.S.C. § 371; one count of Smuggling Goods from the United States in violation of 18 U.S.C. § 554; and thirteen counts of False Statements in Connection with Acquisition of Firearm and Aiding and Abetting in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2) & 2. (ECF Doc. 21.)  The matter is currently set for trial on April 4, 2023.

**II.     STIPULATIONS**

The parties have not yet agreed to enter into any trial stipulations.  But any stipulations will be filed with this Court consistent with established deadlines.

/ / /

/ / /

### III. STATEMENT OF FACTS

On May 26, 2020, ATF agents received notification of multiple firearms recovered in Mexico during April 2020. Three of these firearms were recovered on April 2, 2020, five days after Co-defendant Michael Adrian Rodriguez purchased the from two different Phoenix-based FFLs. A review of the recovery information led agents to obtain copies of ATF Form 4473s. A review of ATF Form 4473s revealed that from dates beginning on November 20, 2019 and continuing to June 27, 2020, Co-defendant Rodriguez acquired numerous firearms and magazines from various FFLs. Defendant transported Co-defendant Rodriguez to the FFLs wherein firearms were acquired and placed in Defendant's vehicle. Co-defendant Rodriguez admitted to ATF agents that he straw-purchased firearms for Defendant and delivered the firearms to Defendant for cash. All of the firearms purchased by the co-defendants were done so with the intent that the firearms and magazines be exported to Mexico. ATF records indicate that neither Defendant nor the co-defendants possessed a federal firearms license to engage in the business of importing, manufacturing, or dealing in firearms or to ship, transport, or receive any firearms in interstate or foreign commerce in the course of such business. The exportation of the firearms and magazines were contrary to the laws and regulations of the United States. Co-defendant Francisco Javier Bautista also straw-purchased firearms for Defendant. Defendant nor the co-defendants did not possess export licenses.

On June 27, 2020, Co-defendant Isidro Aguilar Nevarez sent an Armslist.com advertisement for a Century Arms International 7.62 x 39 caliber rifle from a WhatsApp account to Defendant. On that date, Defendant purchased a firearm through a private sale for the purpose of smuggling the firearms from the United States to Mexico. Defendant was enroute to the U.S. Mexico border on I-19 on that date with the firearm and magazines. Defendant denies involvement.

### III. ELEMENTS OF THE OFFENSES

#### A. Conspiracy - 18 U.S.C. § 371 (Count 1)

1) Beginning on or about [date], and ending on or about [date], there was an

agreement between two or more persons to commit at least one crime as charged in the indictment;

2) The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3) One of the members of the conspiracy performed at least one overt act [on or after [date]] for the purpose of carrying out the conspiracy.]

**B.      Smuggling Goods from the United States - 18 U.S.C. § 554 (Count 2)**

1) The defendant knowingly [fraudulently] exported [sent][attempted to export][attempted to send] merchandise as described in the indictment

2)  The defendant's exportation [sending] was contrary to (describe the law[s] or regulation[s] in detail); an

3) The defendant knew the exportation [sending] of the merchandise was contrary to law or regulation

**C.      False Statements in Connection with Acquisition of Firearm and Aiding and Abetting - 18 U.S.C. §§ 922(a)(6), 924(a)(2) & 2 (Counts 3-15)**

1) The defendant knowingly made a false oral or written statement, or furnished or exhibited any false, fictitious or misrepresented identification, to a federally licensed firearms dealer;

2) The false statement or misrepresented identification was made in connection with the acquisition or attempted acquisition of a firearm; and

3) The statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

**IV.     EVIDENTIARY ISSUES**

None anticipated at this time.

**V.      CONCLUSION**

This brief is offered to acquaint the Court with factual and legal issues, which may arise at trial or prior thereto. The United States requests that the Court grant it leave to

/ / /

submit additional memoranda should other issues emerge later.

Respectfully submitted this 21st day of February, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Brandon M. Bolling*

BRANDON M. BOLLING
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 21st day of February, 2023, to:

Mark R. Resnick, Esq.
Attorney for Defendant