GARY M. RESTAINO
United States Attorney
District of Arizona
PETE ANDREW SABORI
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7339
Email: pete.sabori@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | 4:21-cr-00880-JAS-LCK-1 |
|---|---|
| Plaintiff, | **UNITED STATES' OPPOSITION TO PRO SE MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2)** |
| vs. | |
| Luis Eduardo Terminel, Jr., | |
| Defendant. | |

Pursuant to this Court's order dated February 8, 2024 (Doc. 177), and General Order 23-20, the United States responds to Defendant's *pro se* motion in which he requests a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, (Doc. 176). For the following reasons, Defendant is not eligible for a sentence reduction under Amendment 821. Accordingly, the Government requests this Court to summarily deny his motion.

## I.   Introduction

On March 1, 2023, Defendant pleaded guilty to Count One of the Indictment charging him with Conspiracy to Smuggle Goods from the United States, in violation of 18 U.S.C. § 371, 18 U.S.C. § 554(a). (PSR ¶ 4). The PSR did not assess any criminal history points under Chapter Four, Part A. (PSR ¶ 51). Where Defendant's TOL was 25 at CHC I, the resulting guideline range was between 57 months to 71 months. (PSR ¶ 73). Because the statutorily authorized maximum sentence of five years was less than the maximum of the guideline range, the applicable guideline range was 57 months to 60 months. (PSR

¶ 73). The written plea agreement stipulated to a to a guideline range of 46 to 57 months imprisonment based on Defendant's CHC I. (Doc. 150 at 2; PSR ¶ 86). The Court accepted the PSR calculations and the stipulated plea range, sentencing Defendant to 33 months' imprisonment. (Docs. 163, 164).

Defendant moves for a sentence reduction based on the November 2023 Sentencing Guideline amendments. (*See generally*, Doc. 176). Defendant appears to argue that he is entitled to relief under Part B of Amendment 821, the "Zero Point" provision. (*See id.* at 3).

## II.      Summary of Amendment 821

On April 5, 2023, the U.S. Sentencing Commission voted to promulgate a series of amendments to the United States Sentencing Guidelines; these amendments became effective on November 30, 2023, and apply retroactively to give district courts discretion to reduce the sentences of previously sentenced inmates. U.S.S.G. Amend. 821; U.S.S.G. § 1B1.10(d).

Part A of Amendment 821, the "Status Points" provision, limits the criminal history impact in § 4A1.1. In the previous iteration of § 4A1.1, subsection (d) added two points if the offense was committed while under a criminal justice sentence. In its place, the new subsection (e) provides that one point should be added if a defendant receives seven or more points in previous subsections and committed the offense while under a criminal justice sentence. U.S.S.G. § 4A1.1(e) (2023). The new subsection also eliminates status points for any defendant with six or fewer criminal history points. (*Id.*)

Part B of Amendment 821, the "Zero-Point" provision, reduces by two offense levels the guideline range for defendants with zero criminal history points in §4C1.1. U.S.S.G. § 4C1.1 (2023). The two-level reduction, however, is not available to defendants who fail to satisfy all ten criteria under §4C1.1(a) including where: (1) defendant received any criminal history points from Chapter Four, Part A; (2) defendant received an adjustment under §3A1.4 (Terrorism); (3) defendant used violence or credible threats of violence in connection with the offense; (4) the offense resulted in death or serious bodily injury; (5) the instant offense of conviction is a sex offense; (6) defendant personally

caused substantial financial hardship; (7) defendant possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense; (8) the instant offense of conviction is covered by §2H1.1 (Offenses Involving Individual Rights); (9) defendant received an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and/or where (10) defendant received an adjustment under §3B1.1 (Aggravating Role) or was engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. U.S.S.G. § 4C1.1(a)(1)–(10) (2023).

### III. Legal Standard

Under 18 U.S.C. § 3582(c), a two-step analysis is used to determine whether a defendant is entitled to a sentence reduction. In the first step, the reviewing court "decides eligibility by determining whether a reduction is consistent with ... [U.S.S.G] § 1B1.10, the policy statement that implements § 3582(c)(2)." *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). Such reduction "is not authorized under 18 U.S.C. § 3582(c)(2) . . . if: . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)). In the second step, the reviewing court considers all applicable § 3553(a) factors and exercises its discretion in determining whether "the authorized reduction is warranted, either in whole or in part." *Rodriguez*, 921 F.3d at 1153 (quoting *Dillon*, 560 U.S. at 826).

### IV. Analysis

#### A. Defendant is ineligible for relief under Part A of Amendment 821

Part A of Amendment 821 would not alter Defendant's sentence, as his sentence did not include a Status Points enhancement under § 4A1.1. (*See generally*, PSR). Specifically, Defendant did not commit the instant offense while under another criminal justice sentence. Therefore, to the extent Defendant seeks relief under Part A, his request for a sentence reduction should be denied.

#### B. Defendant is ineligible for relief under Part B of Amendment 821

At sentencing Defendant had zero criminal history points. (PSR ¶¶ 51–52.) If eligible for relief under Part B, his offense level would be subject to a two-level reduction below the offense level otherwise produced by applications of Chapters Two and Three. As noted above, the new provision includes numerous eligibility criteria which excludes certain zero-point offenders. U.S.S.G. § 4A1.1(a)(1)–(10) (2023). For example, under subsection (10), a defendant who received an adjustment under §3B1.1, Aggravating Role, is excluded from relief under Amendment 821. *See* U.S.S.G. § 4C1.1(a)(10) (2023).

Here, the PSR added a two-level enhancement under U.S.S.G. §3B1.1(c) because Defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in U.S.S.G. §3B1.1(a) or (b). (PSR ¶ 42). Specifically, Defendant transported weapons and hired subjects to straw purchase weapons for him. (PSR ¶¶ 7–34). Defendant admitted to the factual basis in the plea agreement. (PSR ¶ 37). This Court adopted the PSR, including the two-level enhancement, without change. (*See* SOR, Doc. 164, dated June 14, 2023, ¶ I). As such, the two-level enhancement under U.S.S.G. §3B1.1(c) categorically bars Defendant's eligibility under Part B.

Furthermore, *even if* Defendant were eligible for a reduction under § 4C1.1, then he would receive a two-level reduction—resulting in a total offense level of 23 and an amended range of 46 to 57 months' imprisonment. His imprisonment sentence of 33 months, however, is already below the reduced guideline range, and therefore he would not be eligible for a sentence reduction for this additional reason. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range"). As such, Defendant is not entitled to relief under Part B and his request for a sentence reduction must be denied.

### C. Defendant waived the right to seek relief under 18 U.S.C. §3582(c)

Moreover, Defendant's motion should be denied because he entered a plea agreement containing an express waiver of her rights to seek relief under 18 U.S.C. § 3582(c), except for the right to file a compassionate release motion under 18 U.S.C.

§ 3582(c)(1)(A). (*See* Doc. 150 at 8–9). After reviewing the plea terms, Magistrate Judge Lynnette C. Kimmins found the waiver of rights was knowing and voluntary, and issued a recommendation that the District Court accept Defendant's plea, which this Court did. (Docs. 151, 152). Defendant explicitly waived the right to seek relief under 18 U.S.C. § 3582(c) in the plea agreement and has shown no reason to excuse the waiver.

Waiver of a right under a plea agreement, such as the right to reduce one's sentence under Section 3582(c)(2), will be enforced if: (1) the language of the waiver encompasses the relief sought and (2) the waiver is knowingly and voluntarily made. *See United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009); *see also United States v. Malone*, 503 F. App'x. 499, 500 (9th Cir. 2012) (mem. decision). In *Malone*, the Ninth Circuit reversed the district court's order granting the defendant's motion for reduction of sentence because the defendant had "waived his right to move for a sentence reduction under § 3582(c)(2) in his underlying plea agreement." 503 F. App'x. at 499.

As noted above, Defendant expressly waived the right to seek relief under 18 U.S.C. § 3582(c)(2) in his Plea Agreement. (Doc. 150 at 9 ("[D]efendant further waives . . . any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) …")). Defendant's motion should be denied on this basis as well.

**V.     Conclusion**

Accordingly, the United States respectfully requests this Court to summarily deny Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 821 to the United States Sentencing Guidelines.

Respectfully submitted this 8th day of March, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Pete Andrew Sabori*
PETE ANDREW SABORI
Assistant U.S. Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, thereby transmitting a Notice of Electronic Filing to the following CM/ECF registrant:

I further certify that a participant in this case is not a registered CM/ECF user. I have mailed the foregoing document by regular First-Class Mail, postage prepaid, for delivery, to the following non-CM/ECF participant:

Luis Eduardo Terminel, Jr.
Reg. No. 43246-509
FCI La Tuna
Federal Correctional Institute
P.O. Box 3000
Anthony, NM 88021
*Pro Se Defendant*


*s/ Brian Wolfe*
Legal Assistant
U.S. Attorney's Office